■ In the Matter of COUNCIL OF THE CITY OF NEW YORK, Respondent-Appellant, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Appellants-Respondents, and TIME WARNER CABLE OF NEW YORK CITY, a Division of TIME WARNER ENTERTAINMENT COMPANY, L. P., et al., Respondents. [730 NYS2d 175] —Crew III, J. Cross appeals from a judgment of the Supreme Court (Ceresia, Jr., J.), entered July 14, 2000 in Albany County, which, *inter alia*, partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul determinations of respondent Public Service Commission approving certain franchise renewal agreements.

In 1983, respondent Cablevision Systems New York City Corporation (hereinafter Cablevision) and certain predecessors of respondent Time Warner Cable of New York City (hereinafter Time Warner) were granted various cable franchises within the New York City area. Such franchises were set to expire in October 1998. Thereafter, in October 1993, petitioner adopted Resolution No. 1639 authorizing respondent Department of Information Technology and Telecommunications of the City of New York (hereinafter DOITT) "to grant non-exclusive franchises for the provision of cable television services and the installation of cable television facilities and associated equipment on, over, and under the inalienable [p]roperty of the City of New York." The authorizing resolution further provided that all franchises granted thereunder required the approval of re-

spondent Franchise and Concession Review Committee of the City of New York (hereinafter FCRC) and the separate and additional approval of respondent Mayor of the City of New York.

In October 1995 and January 1996, respectively, Time Warner and Cablevision notified DOITT that they were invoking their franchise renewal rights under the Cable Communications Policy Act of 1984 (47 USC § 521 *et seq.*). In response thereto, DOITT commenced the renewal process, conducted public hearings and engaged in negotiations with Time Warner and Cablevision. Ultimately, in September 1998 and October 1998, respectively, the FCRC voted to renew the cable television franchises at issue.[1] Time Warner and Cablevision then applied to respondent Public Service Commission (hereinafter PSC) for approval of the agreements pursuant to Public Service Law § 222. The PSC subsequently approved the respective agreements, prompting petitioner to commence this proceeding pursuant to CPLR article 78 seeking, *inter alia*, to annul the PSC's determinations. Supreme Court dismissed the first, second and a portion of the third causes of action set forth in the petition, finding that, contrary to petitioner's assertion, neither the New York City Charter nor 9 NYCRR 591.3 (c) mandated that the underlying renewal agreements be submitted to petitioner for its approval. To the extent that the petition alleged noncompliance with 9 NYCRR 595.4 (c) (2), which governs the provision and administration of the public, educational and governmental access channel, Supreme Court found that the PSC findings on this point were insufficient, annulled that portion of the determinations and remitted the matter to the PSC for more detailed findings. These cross appeals ensued.

The crux of petitioner's argument on its cross appeal is that 9 NYCRR 591.3 (c) and relevant provisions of the New York City Charter mandate that cable television franchise renewal agreements be submitted to it for approval. We cannot agree. 9 NYCRR 591.3 (c) (1) provides, in relevant part, that "[f]ollowing the public hearing required by subdivision (b) of this section, and such opportunity for further review, * * * the local legislative body of the municipality shall decide, in a public session, whether or not to renew the applicant's franchise." If it is determined that such franchise is to be renewed, "the local

---

1. In the interim, petitioner commenced an action in Supreme Court, New York County, seeking, *inter alia*, to enjoin, among others, DOITT from renewing the subject agreements without first obtaining petitioner's approval. Such action eventually was dismissed for failure to exhaust administrative remedies.

legislative body shall adopt a resolution setting forth findings that the applicant and the municipality have negotiated a franchise agreement" (9 NYCRR 591.3 [c] [2]). Although the PSC's rules do not define "local legislative body," petitioner argues that it is the only local legislative body for New York City and, therefore, the PSC erred in concluding that the FCRC, rather than petitioner, was the appropriate entity to approve the franchise renewal agreements. Petitioner's argument on this point, however, overlooks the plain language of the New York City Charter, which provides, in relevant part, as follows:

"a. Franchises shall be awarded only in accordance with the provisions of an authorizing resolution adopted by [petitioner] pursuant to the provisions of this section. * * *

"d. No authorizing resolution or other action of [petitioner] may provide for any involvement by [petitioner] or any member of [petitioner] in the selection of a franchise pursuant to such resolution. * * *

"f. The selection of a franchisee shall be in accordance with the provisions of the authorizing resolution covering franchises of the type involved. Each such selection and each franchise agreement shall be subject to the review and approval of the [FCRC]" (NY City Charter § 363).

Not only is Resolution No. 1639 silent as to the need for petitioner's approval of any franchise renewal agreements, but it specifically vests such approval authority in entities other than petitioner—namely, the FCRC and the Mayor.[2] Moreover, the cited provisions of New York City Charter § 363 make clear that petitioner is not to play any role in the selection of a franchisee and that approval of any such agreements lies—at the local government level—with the FCRC. Hence, we find specious petitioner's argument that New York City Charter § 363 (d), which prohibits petitioner from participating in the selection of a franchisee, in no way precludes petitioner from approving the franchisee ultimately selected. In short, as the PSC's interpretation of 9 NYCRR 591.3 (c) and the relevant provisions of the New York City Charter was not affected by an error of law, arbitrary or capricious, we will not disturb the underlying determinations. Accordingly, Supreme Court properly dismissed the first and second causes of action and a portion of the third cause of action alleging noncompliance with the renewal process. In light of this conclusion, we need

---

2. "All franchises granted pursuant to this resolution shall require the approval of the [FCRC] and the separate and additional approval of the Mayor" (Resolution No. 1639).

not address Supreme Court's alternative basis for upholding the PSC's determinations. Petitioner's remaining arguments in support of annulment have been examined and found to be lacking in merit.

As a final matter, we must consider the propriety of Supreme Court's decision to remit a portion of this proceeding to the PSC for more detailed findings. Petitioner argues and Supreme Court found that the PSC failed to make adequate findings with respect to whether the subject renewal agreements complied with 9 NYCRR 595.4 (c) (2), which provides as follows: "The educational and governmental access channel shall be operated and administered by a committee or a commission appointed by local government and shall include appropriate representation of local school districts within the service area of the cable television system and may include for purposes of coordination an employee or representative of the cable television franchisee [footnote omitted]." Although the PSC did not expressly reference 9 NYCRR 595.4 (c) (2) in its respective determinations, it did find that the franchise renewal agreements exceeded what was required by the franchise standards set forth in 9 NYCRR part 595. Additionally, it made reference to the significant resources committed by the franchisees to support the public, educational and governmental access channel, as well as an institutional network. The underlying determinations also address in some detail why the renewal of the franchise agreements indeed were in the public interest.

Simply stated, although additional findings with respect to the funding and administration of the public, educational and governmental access channel would have facilitated judicial review of the PSC's determinations, the PSC cannot reasonably be expected to discuss every subdivision contained in 9 NYCRR part 595 before renewing a particular franchise agreement. As long as the determinations, read as a whole, are sufficiently detailed to support the PSC's findings—a standard that we are satisfied was met here—the determinations should not be disturbed. Accordingly, we are of the view that Supreme Court erred in annulling that portion of the third cause of action concerning the administration and operation of the public, educational and governmental access channel.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted that portion of the petition alleging noncompliance with 9 NYCRR 595.4 (c) (2) and remitted the matter to respondent Public Service Commission for more detailed findings; said cause of action dismissed; and, as so modified, affirmed.